OPINION
Appellant William M. Polen appeals from the Carroll County Common Pleas Court's decision finding him to be a sexual predator. For the following reasons, the trial court's judgment is affirmed.
In January 1989, police in Minerva, Ohio investigated complaints that appellant had been taking pictures of various neighborhood children. Upon a search of appellant's residence, eight photo albums were recovered containing pictures of thirty-two children ranging in age from seven to fifteen in various states of dress, some of whom were totally naked. Appellant was indicted on five counts of illegal use of a minor in nudity-oriented material or performance, five counts of child endangering and one count of gross sexual imposition. Appellant ended up pleading no contest to two counts of illegal use of a minor in violation of R.C. 2907.323(A)(1), a second degree felony. On May 22, 1989, appellant was sentenced to five to fifteen years on both counts to run concurrently.
In June 1997, the Department of Corrections and Rehabilitation informed the court that it had screened appellant and recommended that appellant be adjudicated a sexual predator. In January 1998, appellant moved to dismiss all sexual predator proceedings on a variety of grounds including failure to prosecute, ex post facto,
double jeopardy, and equal protection violations. The court overruled this motion. On February 3, 1999, the state filed a motion for a sexual predator hearing regarding appellant. That day, the court appointed a public defender and scheduled the hearing for February 24, 1999.
On February 18, appellant filed two pro se motions. First, appellant requested additional time as he had not yet met with his attorney. He asked that the hearing be rescheduled until no earlier than April 9, 1999 so that he could prepare his defense. Appellant also filed a motion for a psychological evaluation. Both motions were denied at the February 24 hearing. The court held that appellant had been transferred to the Carroll County Jail on February 18 which gave him ample opportunity, five or six days, to meet with his attorney and prepare a defense. The court also stated that it failed to see what a psychological evaluation would reveal.
Thereafter, the hearing proceeded with testimony from appellant and from the man who was the Minerva Chief of Police at the time of appellant's arrest. The court reviewed items such as statements of the victims and appellant's presentence report. On February 25, 1999, the trial court held that the state established by clear and convincing evidence that appellant is a sexual predator. Appellant filed a timely appeal in which he alleges five assignments of error.
Appellant's first assignment of error states:
 "THE COURT ERRED AND COMMITTED PLAIN ERROR IN ADJUDICATING THE APPELLANT AS A SEXUAL PREDATOR PURSUANT TO REVISED CODE SECTION 2950 ET SEQ., FOR THE REASON THAT NO STANDARD IS ESTABLISHED FOR APPLYING THE FACTORS IN REVISED CODE 2950.09(B)(2), THEREBY RENDERING THE LAW VAGUE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION."
Before labeling a defendant a sexual predator, the court must determine that the defendant is incarcerated for a sexually oriented offense and consider the factors set forth in R.C.2950.09(B)(2). Appellant contends that these factors provide inadequate guidelines for the trial court, resulting in an unconstitutionally vague sexual predator statute. However, this argument is without merit for we have previously addressed this vagueness issue by holding that" [s]aid factors clearly provide guidance and minimum standards which must be followed by the trial court during its proceedings." State v. Woodburn (Mar. 23, 1999), Columbiana App. No. 98 CO 6, unreported, 10. We will delve into the specific application of these factors to the case at barinfra under appellant's fifth assignment of error.
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED IN FINDING APPELLANT A SEXUAL PREDATOR FOR THE REASON THAT REVISED CODE 2950, AMENDED BY HOUSE BILL 180 IS AN UNCONSTITUTIONAL EX POST FACTO LAW IN THAT APPELLANT'S CRIMES WERE COMMITTED PRIOR TO THE AMENDMENT OF TITLE 2950."
Appellant concedes that the case of State of Cook (1998),83 Ohio St.3d 404, held that the application of the sexual predator statute to conduct which occurred prior the statute's effective date does not violate the Ex Post Facto Clause of Section 10, Article 1 of the United States Constitution. In Cook, it was determined that the registration and notification requirements of the sexual predator statute were remedial rather than punitive.Id. at 416, 423. See, also, State v. Goodballet (Mar. 30, 1999), Columbiana App. No. 98 CO 15, unreported, 15; Woodburn, supra at 2-3.
Appellant's complaint under this assignment of error is extremely convoluted and reads as follows:
 "Herein, appellant argues that amended Revised Code 2950 is an unconstitutional ex post facto law as applied to him for the reason that specific penalties, not considered by the Ohio Supreme Court, in Cook
are a direct result in his case. For example, this appellant having never been previously convicted as an adult, of any crime has served ten (10) years in prison for a sexually oriented offense, involving juveniles wherein no juvenile was ever touched. This appellant previously a college professor with two years of formal educational training beyond a masters degree level, should he have the good fortunate to actually serve out five (5) more years of a five to fifteen year sentence, will be denied the right to ever get a passport to travel outside this country. Clearly, this constitutes an additional penalty that was unforeseen at the time a plea was entered in this case in May, 1989."
Appellant argues, along the lines of Crim.R. 11, that the loss of a passport is a penalty which he should have been informed of when he pled no contest. However, a defendant is not required to be informed about the collateral consequences of a guilty plea such as the loss of the right to vote or the loss of a passport.State v. Condron (Mar. 27, 1998), Montgomery App. No. 16430, unreported, 7. See, also, United States v. Brady (1970),397 U.S. 742, 755 (holding that a defendant must be informed of direct consequences but not collateral consequences of a plea) Moreover, appellant makes absolutely no mention of which law he is claiming denies him the right to ever obtain a passport. How this unidentified federal law is related to the sexual predator statute or an ex post facto argument is not apparent from appellant's brief. Accordingly, this assignment of error is without merit.
Appellant's third assignment of error provides:
 "THE TRIAL COURT COMMITTED PLAIN ERROR IN NOT STRIKING DOWN AN UNCONSTITUTIONAL REVISED CODE TITLE 2950 AS AMENDED BY HOUSE BILL 180 IN THAT, FINDING THE APPELLANT TO BE A SEXUAL PREDATOR VIOLATED HIS CONSTITUTIONAL RIGHTS AS GUARANTEED BY ARTICLE 1, SECTION 1 OF THE OHIO CONSTITUTION."
Appellant cites State v. Williams (Jan 29, 1999), Lake App. No. 97-L-191, unreported, wherein the Eleventh Appellate District held that the sexual predator statute is unconstitutional on grounds that it violated Section 1, Article I of the Ohio Constitution. However, we have previously announced that we disagree with the decision in Williams. Woodburn, supra at 11 (upholding the constitutionality of the statute stating that it does not unduly oppress or interfere with the rights of individuals). Accordingly, this assignment of error is overruled.
Appellant's fourth assignment of error contends:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S PRO SE MOTIONS FOR A CONTINUANCE AND HIS REQUEST FOR PSYCHOLOGICAL EVALUATION PRIOR TO THE SCHEDULING OF THE SEXUAL PREDATOR HEARING HEREIN, THEREBY PREJUDICING APPELLANT IN VIOLATION OF HIS CONSTITUTIONAL GUARANTEE, TO DUE PROCESS OF LAW PURSUANT TO THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION."
Appellant complains that the court should have ordered a psychological evaluation because an offender's behavioral characteristics must be considered before that offender is determined to be a sexual predator. See R.C. 2950.09(B)(2)(j). Pursuant to R.C. 2950.09(B)(1), an offender may call and examine expert witnesses during a sexual predator hearing. However, it is within a court's sound discretion as to whether a particular indigent defendant will receive a court-appointed expert witness to assist him in preparing for a sexual predator hearing.Woodburn, supra at 16. A defendant who desires a court-appointed expert to perform a psychological evaluation in preparation for a sexual predator hearing must demonstrate a particularized need.Id. at 17-18. A bare assertion that an evaluation is critical is inadequate. Id. at 17,
In the case at bar, appellant merely asserts that a psychological evaluation is crucial as it is the only way a determination can be made on whether he is likely to commit future sexually oriented offenses. Appellant states that he had a psychological evaluation in 1992 when he was preparing for a parole hearing, but he does not submit the results of this evaluation for the court. Appellant fails to demonstrate any particularized need for a psychological evaluation at the present time. As such, this argument is overruled.
Within this assignment of error, appellant also claims that the court erred in failing to grant his February 18 motion to continue his hearing. The trial court noted that appellant had been incarcerated locally for five or six days which constituted an adequate amount of time to meet with his public defender and prepare a defense. Appellant complains that this span of time contained a weekend.
The denial of a continuance is governed by an abuse of discretion standard of review. State v. Lorraine (1993), 66 Ohio St.3d 414,423. The circumstances of each scenario should be scrutinized on a case-by-case basis. The delay requested by appellant was rather long, almost two months. See State v. Grant
(1993), 67 Ohio St.3d 465, 479 (listing the length of the requested continuance as a factor). Considering that appellant knew for over a year that sexual predator proceedings were likely, the length of the requested continuance was unreasonable.[1] Moreover, even if we are of the view that a reasonable continuance would have been preferable, that is not a proper criteria in that we cannot substitute our judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169. As the trial court had previously read appellant's motion to dismiss the sexual predator proceedings, it was not unreasonable for the court to assume that appellant had begun preparing before his formal notice that a hearing had been set. Furthermore, appellant's counsel stated that he believed he was prepared for the sexual predator hearing. (Tr. 3) Therefore, under the circumstances of the case at bar, this argument fails, and this assignment of error is overruled.
Appellant's fifth assignment of error argues:
 "THE TRIAL COURT ERRED THEREBY PREJUDICING THE APPELLANT IN FINDING THAT THE STATE HAD PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT HE WAS A SEXUAL PREDATOR PURSUANT TO REVISED CODE 2950."
Pursuant to R.C. 2950.09(C)(1) and (2), an incarcerated person who is convicted of a sexually oriented offense prior to the effective date of the statute, as was appellant, may be labeled a sexual predator after a hearing in the trial court during which the court reviews the evidence presented and considers all relevant factors, including, but not limited to those set forth in R.C. 2950.09(B)(2). The factors which the court must consider are as follows:
"(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made on or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender conduct."
Appellant stipulated that he was convicted of two sexually oriented offenses in 1989. See R.C. 2950.01(D)(2)(d) citing2907.323. Thus, the trial court's determination hinged on whether there existed clear and convincing evidence that appellant was a sexual predator, i.e., likely to commit future sexual offenses. See Cook, supra at 408. Clear and convincing evidence is a measure of proof that requires more than the preponderance of the evidence standard and less than the beyond a reasonable doubt standard. Woodburn, supra at 13, citing Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122. Evidence is clear and convincing if it results in the firm belief that it is highly probable that the fact sought to be established is true. Id.;
Black's Law Dictionary (7 Ed. 1999) 577.
Appellant argues that the trial court erred by finding he was a sexual predator based only upon the factor of the age of the victims. However, the trial court's judgment entry states more relevant factors than solely the age of the victims. The court recognized that appellant was forty-six years old at the time of his offenses and had no prior sex offenses on his record. See R.C. 2950.09(B)(2)(a) and (b). Nevertheless, the court found that the fact that there were multiple victims worked against appellant. See R.C. 2950.09(B)(2)(d).
Furthermore, the court read statements from the various neighborhood children whom appellant had photographed. The court mentioned the fact that police recovered eight photo albums from appellant's residence. These albums contained pictures of thirty-two children ranging in age from seven to fifteen, some of whom were completely naked. Thus, the court theorized that appellant was most probably a pedophile. See R.C.2950.09(B)(2)(c). The court stated that pedophiles have a high rate of recidivism. Additionally, one can infer that appellant engaged in a pattern of wrongful conduct from the fact that the eight photo albums were compiled over an eighteen month period during which appellant encouraged children to frequent his house which was well-stocked with games. See R.C. 2950.09(B)(2)(h). Moreover, the court stated that the two offenses for which appellant was convicted were classified as second degree felonies, making them very serious offenses.
The court also pointed out that appellant did not complete any treatment program while incarcerated. Although appellant testified that the prison lacked such a program, the fact remains that appellant has not received treatment. Further, the court held that there was no evidence that appellant suffered from any mental illness or disability or abnormal behavioral characteristics that could have contributed to his criminal conduct. See. R.C. 2950.09(B)(2)(g) and (j) Appellant did not allege otherwise. With regards to appellant's masters degree and two additional years of graduate work, the court found that appellant used his superior intelligence to manipulate the children into compliance with his desire to photograph them naked. State v. Dye (1998), 82 Ohio St.3d 323, 327.
The above analysis of the relevant factors provides a high degree of proof supporting the court's finding that there existed clear and convincing evidence that appellant was likely to engage in future sexually oriented offenses. In accordance, this assignment of error is overruled.
As such, the trial court's decision finding that appellant is a sexual predator is affirmed.
Cox, P. J., dissents; see dissenting opinion.
Donofrio, J., concurs.
APPROVED:
 _________________________ JOSEPH J. VUKOVICH, JUDGE
[1] As set forth in the facts, in January 1998, appellant filed a motion to dismiss the sexual predator proceedings which he knew had been recommended by the Department of Corrections in June 1997. His motion was accompanied by a detailed memorandum challenging the constitutionality of the sexual predator statute. Thus, when the state filed a motion for a hearing with regards to appellant on February 3, 1999, appellant had been long anticipating this probable situation.